# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

ROGERIO CHAVES SCOTTON,

    Plaintiff,

v.

KRISTIN FIGUEROA-CONTRERAS,

    Defendant.

CIVIL ACTION NO.: 5:16-cv-85

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is housed at D. Ray James Correctional Institution, submitted a Complaint in the above captioned action contesting certain actions taken by his attorney. (Doc. 1.) For the reasons set forth below, the Court **DENIES** Plaintiff's Motions to Proceed *In Forma Pauperis*. (Docs. 2, 4.) Additionally, I **RECOMMEND** that the Court **DISMISS** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction. I further **RECOMMEND** that the Court **DISMISS AS MOOT** Plaintiff's Motion for Default, (doc. 3), and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## **BACKGROUND[1]**

Plaintiff originally filed this action seeking leave to proceed *in forma pauperis*. (Doc. 2.) Plaintiff's Complaint centers on alleged ineffective assistance of counsel from the Defendant. Plaintiff states that Defendant undertook representation "in connection with Plaintiff's direct appeal rights as a federal criminal defendant." (Doc. 1, p. 2.) However, Plaintiff claims that the

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

"representation was marred by numerous acts of fraud including actual fraud, sham defense, promissory fraud . . . fraud misrepresentation, legal malpractice, false advertising, negligence, anticipatory repudiation, breach of duty, and false pretenses." (Id. at p. 3.)

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

**I. Dismissal for Lack of Subject Matter Jurisdiction**

In his Complaint, Plaintiff alleges that Defendant took "monetary funds of $62,000 in bad faith and in false pretenses to assist him in his direct appeal." (Doc. 1, p. 15.) He seeks $30,820,000 in damages and for Defendant to have her attorney license revoked. (Doc. 1, pp. 1, 4.) However, Plaintiff does not allege any basis for the Court's jurisdiction. Reading his complaint liberally, Plaintiff may intend to assert a tort claim against Defendant under the Court's diversity jurisdiction, 28 U.S.C. § 1332, or he may hope to invoke federal question jurisdiction under 28 U.S.C. § 1331. In either case, Plaintiff's claim is deficient.

This Court, like all district courts of the United States, is a Court of "limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). It possesses only that power authorized by the Constitution and by Congress. Id. Moreover, Plaintiff bears the burden of establishing that his claims fall within this Courts' subject matter jurisdiction. Kokkonen, 511 U.S. at 377 (because federal courts are courts of limited jurisdiction "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]").

A Court may exercise jurisdiction over a civil case between citizens of different states if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff, a Florida resident, has filed suit against another Florida resident. (Doc. 1, p. 2.) Therefore, diversity is not "complete," as Plaintiff is a citizen of the same state as Defendant. MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). Alternatively, Plaintiff may proceed in federal court if his claim arises under federal law and thus raises a federal question. 28 U.S C. § 1331. However,

Plaintiff cites no federal authority for his suit and the Court can find none. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims under § 1331 and § 1332.

Furthermore, even assuming that Plaintiff would proceed under 42 U.S.C. § 1983—the most likely avenue for asserting a federal tort-like claim—his claim still fails. Under § 1983, a plaintiff must establish both a violation of a right secured by the Constitution or the laws of the United States and demonstrate that the alleged violation was committed by a person acting under color of state law. Bannum, Inc. v. City of Ft. Lauderdale, 901 F.2d 989, 996–97 (11th Cir. 1990). Defendant is a private party, and Plaintiff does not allege that she was acting under color of state law nor offer any information which would allow the Court to infer that Defendant was a state actor. Hence, Plaintiff cannot rely upon § 1983 as a basis for federal jurisdiction. Mulkay v. Land Am. Title Ass'n, Inc., 345 F. App'x 525, 527 (11th Cir. 2009); see Wyke v. Polk County School Bd., 129 F.3d 560, 566–67 (11th Cir. 1997) (discussing the need for a "substantial" federal question in order for a federal court to have jurisdiction under 28 U.S.C. § 1331).

Again, Plaintiff bears the burden of establishing jurisdiction. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). If a court determines "at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiff does not properly allege a basis for the Court's jurisdiction and therefore, the Court should dismiss this action.

## II. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these

---

[2] A certificate of appealablity is not required in this non-habeas action.

5

issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should deny him *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** all of Plaintiff's claims. I further **RECOMMEND** that the Court **DISMISS as moot** all pending Motions and DENY Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA